PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
FILED

FEB 24 2017 **GES**

David J. Bradley, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE <u>Southern</u> DISTRICT OF TEXAS
<u>Laredo</u> DIVISION

<u>Smithwick, Roy Louis Jr. TDCJ#622814</u>
Plaintiff's Name and ID Number

<u>W.G. McConnell</u>
Place of Confinement

CASE NO. <u>5:17-CV-34</u>
(Clerk will assign the number)

v.

<u>Jose A. Lopez, Tex. 49th Dist.Ct. Judge</u>
Defendant's Name and Address
<u>1110 Victoria St., Suite 304</u>
Defendant's Name and Address
<u>Laredo, Texas  78040</u>

Defendant's Name and Address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? **xx** YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: ???

        2. Parties to previous lawsuit:
           Plaintiff(s) Smithwick, Roy L. Jr.
           Defendant(s) ????

        3. Court: (If federal, name the district; if state, name the county.) Southern District Laredo Division

        4. Cause number: ???

        5. Name of judge to whom case was assigned: ????

        6. Disposition: (Was the case dismissed, appealed, still pending?) Diss. Without Prejudice

        7. Approximate date of disposition: ???

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: W.G. McConnell   Tex.Dept.Crim. Justce

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ___YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Roy Louis Smithwick, Jr.
TDCJ00622814   W.G. McConnell
3001 S. Emily Dr.
Beeville, Tx. 78102

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Jose A. Lopez, Tex. 49th District Ct. Judge
Suite 304, 1110 Victoria St., Laredo, Tx. 78040

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Lopez has and is refusing Due Process access to Courts State Created Procedures that would establish a record of facts.

Defendant #2: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

3

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT. Plaintiff has re-filed a Motion for Forensic DNA testing to establish Facts of Record. Defendant Judge Jose A. Lopez refuses to address the merits and establish facts of Record which has and is denying Plaintiff's 1st & 14th Constitutional right to access the Courts...----Plaintiff has recorders records, test results available to trial Prosecutor, and affidavits that prove the Trial Prosecutor not only made false statements at the initial hearing addressing the first Motion for DNA testing, but also knowingly and intentionally "OBSTRUCTED JUSTICE" by introducing testimony claiming Ballistic testing was performed while no testing was conducted.

(Alleged Under Penality of Perjury)

VI.  RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. **This is not a challenge to the conviction or sentence**, but a Petition seeking a Declaratipn of Rights to access the Courts and establish a record of facts so he may access other State Created Procedures for relief.

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Smithwick, Roy Louis Jr.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ#00622814

VIII.  SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? xxx YES ___ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): 5th Cir.App.
2. Case number: 16-41631
3. Approximate date sanctions were imposed: 1/19/2017
4. Have the sanctions been lifted or otherwise satisfied?  ___ YES xxx NO

(See Additional Page 4.5)

Rev. 05/15

4

RE: Sanctions and error

1. Petitoner recently sought permission for a successive Application for Habeas Corpus Relief from the 5th Cir. App. Ct. #16-41631.

2. Plaintiff cited a "Miscarriage of Justice" Occurred due to the Trial Prosecutor knowingly and intentionally relying upon Scientific Evidence to obtain a conviction that had **NO BASIS** in Scientific fact.

3. This plain Error has Violated Plaintiff's Constitutional Right to a Fair Trial by State Officials.

4. The Defendant, Judge Jose A. Lopez, refused to order the release of any scientific reports or test results used to Prosecute the plaintiff and would prove Prosecutorial Criminal Misconduct.

5. Defendant, Lopez, has shown to be bais and not address the Merits of any action filed that would established a Record of Prosecutorial Criminal Misconduct.

6. As a results of Defendant Lopez's action Plaintiff did not have a Judicial Fact finding to support his claims of **"Fundamental" Constitutional Plain error** and the 5th Cir. sanctioned Plaintiff.

7. Had the 5th Circuit ordered a fact finding hearing it would have been found that Plaintiff has made many attempts to secure the information that now proves Constitutional Violations occurred, but was denied access.

8. Plaintiff is not Barred from presenting this claim (§ 1983) as it is not a challenge that will upset the conviction or sentence, but a request for Declaration of Rights to access State Granted Procedures intended to set the stage for other state created relief.

C. Has any court ever warned or notified you that sanctions could be imposed?  **xxxx** YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): 5th Cir.App.
   2. Case number: 09-40836
   3. Approximate date warning was issued: 10/6/2009

Executed on: 2-21-17
DATE

Roy L. Smithwick, Jr.
_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 21ST day of February, 20 17.
         (Day)              (month)         (year)

Roy L. Smithwick, Jr.
_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROY LOUIS SMITHWICK, JR. § | | |
|     Plaintiff § | | |
| § | | |
| V. § | CIVIL ACTION | |
| § | | |
| JOSE A. LOPEZ, JUDGE § | | |
|     49TH District Court § | NO:_____ | |
|     In his official capacity § | | |
|     Defendant § | | |

## C O M P L A I N T

### I. Jurisdiction & Venue

1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of State Law, of rights secured by the Constitution under 28 U.S.C. section 1331 and 1334 (a)(3).

2. Plaintiff seeks Declaratory Relief concerning a "Motion for Forensic DNA testing", according to 28 U.S.C. section 2201 and 2202; to render invalid the bias & unfair procedures used by the Defendant to suspend the ministerial duty of addressing the merits of the Motion which effectively denied Plaintiff access to courts.

3. Plaintiff's request for preliminary and permanent injunction, to ENFORCE a "Fundamental" constitutional right to access the courts procedures created by Texas Legislature Chapter 64. Which requires Defendant's finding a record of facts and

ruling, is authorized by 28 U.S.C. section 2283 and 2284 and rule 64 of the Federal Rules of Civil Procedure.

4. The Southern District of Texas - Laredo Division is an appropriate venue under 28 U.S.C. section 1391 (b)(2).

5. Plaintiff challenges the continued bias & unfair suspension of fundamental constitutional (access to Courts) duties requiring the rendering of a ruling addressing the merits of a "Motion for Forensic DNA testing to establish a record of facts in support of a decision.

6. Plaintiff does not challenge the conviction or sentence but asks the court to enforce the State-created right to Motion for Forensic DNA testing and obtain a ruling establishing facts on the merits.

## II. Parties

7. Plaintiff, Roy Louis Smithwick, Jr., is and was at all times mentioned herein a prisoner of the State of Texas, he is confined at the William G. McConnell Unit under State I.D. No. 00622814 located at 3001 S. Emily Dr., Beeville, Texas 78102.

8. Defendant, Jose A. Lopez, is the Judge of the 49th District Court of Texas. He is personally and legally responsible for the official ministerial duties of the position he holds. His mailing address is Suite 304, 1110 Victoria St., Laredo, Texas

78040.

9. Defendant Lopez is sued in his official capacity. At all Times mentioned in this Complaint was responsible to act Under the Color of Law.

### III. Facts

10. On 2/26/2014 Smithwick filed a Judicial Notice with attached "Affidavit in Complaint of Criminal actions AGAINST THE STATE OF TEXAS". The Notice asked Defendant Lopez to review the Merits of Trial Prosecutor Fausto Sosa's criminal contemptuous behavior (Fraudulent statements) and rule to find probable cause for a Court of Inquiry into the actions committed violating the Penal Codes of Texas.

11. Lopez failed to provide a fundamental constitutional Duty to consider and address the merits of Fausto Sosa's Criminal Acts against the State of Texas.

12. On 3/5/2014 Smithwick filed a "Motion for Criminal Contempt Hearing" to have Lopez consider Trial Prosecutor Sosa's Fraudulent statements which has influenced the Trial Courts decisions.

13. Defendant Lopez has denied Smithwick redress of grievances, a "fundamental" constitutional access to court right, to consider responses and records alleging "Contemptuous" acts committed

3.

before the Court which influenced decisions made.

14. On 12/16/2014 Smithwick filed a "Motion for Forensic DNA testing" under Texas Criminal Codes and Procedures Chapter 64. This is a State created right intended to address the significance of biological evidence on the conviction and set the stage for other post conviction State procedures.

15. The Motion at issue was Smithwick's third Motion requesting DNA testing and was filed because the Trial Court's initial decision to deny DNA testing was influenced by fraudulent statements, therefore misleading the court to believe the issue had been previously resolved.

16. Texas Law does not prohibit the re-filing of a Motion for Forensic DNA testing if an error occurred in the prior Motion which would have affected the outcome.

17. When a trial court is presented with allegations of fraudulent statements affecting it's prior decision it is to re-hear the Motion on truthful and accurate facts of record to provide access to constitutional rights to a "FULL, FAIR, AND UNBIASED" hearing.

18. A Motion for Forensic DNA testing is to establish the condition of evidence requesting to be tested and if exculpatory results were obtained would they undermine the confidence of the

conviction.

19. Lopez's ministerial duty require a review of the recorders records and evidence presented of the trial to determine if exculpatory results would undermine the confidence of the conviction.

Essentially determine if the remaining evidence would sustain the conviction making DNA results significant in the case; answering an identity issue.

20. Lopez has the ministerial duty, acting as the 49th District Court Judge, to address the merits of Smithwick's "Motion for Forensic DNA testing" to establish a record of facts to support his decision.

21. Under fundamental philosophy of the American Constitutional form of representative government it is policy that each person is entitled, to complete information about the affairs of government and the official acts of Public Officials.

22. Lopez's bias & unfair suspension of providing official duties to establish records of facts addressing the merits denies Smithwick an adequate Appeal. A Appeals Court can not hear an appeal if no ruling is made with a established record for review of the basis for Defendant Lopez's decision, violating Smithwick's fundamental right to access the courts.

5.

23. Lopez's bias & unfair suspension of providing official duties to establishing records of fact addressing the merits has denied Smithwick an adequate Appeal. A Appeal court on can not hear an Appeal if no ruling is made or a record is established to review the basis for Defendant Lopez's decision, violating Smithwick's fundamental right to access the courts,

24. The Due Process procedure of filing a Motion for Forensic DNA testing hearing will set grounding facts on merits for utilizing other State post-conviction procedures to obtain a reversal of Smithwick's conviction and/or to obtain a pardon or reduction of his sentence.

25. A Preliminary Injunction requiring a Bench Hearing will establish facts addressing the merits of Smithwick's Motion for Forensic DNA testing. It would not necessarily affect Smithwick's custody status.

### IV. Exhaustion of Legal Remedies

26. Smithwick Petitioned for a Writ of Mandamus from the Texas 4th Court of Appeals requesting Lopez to rule, addressing the contemptuous behavior (false statements) made in the initial Motion for Forensic DNA testing. The Petition was denied on 5/16/2015, 4th Ct. App. #04-16-000441-CR.

27. Smithwick appealed the 4th court of Appeals decision to the Supreme Court of Texas and it was denied on 12/11/2015, Texas

Supreme Court No. 15-0824.

28. Smithwick then Petitioned for Mandamus directly on the "Motion for Forensic DNA testing" requesting constitutional duties of the Defendant, Lopez. The Tex. 4th Court of Appeals denied the Petition on 4/21/2016. 4th Ct. App. No.04-16-00238-CR.

29. Smithwick has exhausted State remedies by petitioning the Appeals Courts to order fundamental ministerial duties from Lopez which would require addressing fraudulent statements used to influence an erroneous decision and establish facts addressing Smithwick's for DNA Testing.

30. Smithwick has exhausted remedies and seeks review of his Due Process right to access the Courts.

## V. Legal Claims

31. Plaintiff Smithwick re-alleges and incorporates by reference paragraphs 1-30.

32. Smithwick's right to access the courts is protected by the first Amendment to the U.S. Constitution to petition for redress of grievances. That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive Due Process. Any deliberate impediment to access, even delay of access, may constitute a Constitute a Constitutional Deprivation.

7.

33. Texas Legislature established Criminal Codes and Procedures Chapter 64 - Motion for Forensic DNA testing - as a process to set the stage for other relief through State created procedures. Smithwick appropriately filed such a motion and Lopez refused access to courts, to address and rule on the Motions meritorious points.

34. The U.S. system of Justice provides a form of checks and balances granted through the Constitution. In order for that system of Justice to function properly a record of proceedings must be established. A citizen can not be provided Justice to access the courts if no records are made addressing the merits presented. Failure to establish a record effectively denies Smithwick adequate appeals and Due Process; a governmental system of Justice's checks and balances to find the truth of the cause.

35. Lopez has the fundamental constitutional fiducial duty to **ADDRESS THE MERITS** and rule on Smithwick's Motion for Forensic DNA testing, unbiasly.

### VI. Prayer for Relief

Wherefore, Smithwick prays that the Court enter a Judgement and :

37. Grant Smithwick a Declaration establishing a depravation of Civil Rights resulting form the Unconstitutional suspension of

8.

Due Process, ministerial procedures, in violation of Amendment XIV to the United States Constitution and a violation of his right to Access the Courts under the I. Amendment of the United States Constitution.

38. Pending finial determination, the court issue a preliminary injunction ordering the defendant Lopez to set the "Motion for Forensic DNA testing" for a bench Hearing, issue a Bench Warrant for Smithwick appearance, and allow a visiting Judge to address the Motion's Merits.

39. Order that the visiting Judge address any contemptuous or Obstruction of Justice behavior found.

40. Grant a permanent injunction requiring any action filed in the 49th District Court by Smithwick be address on the merits and ruled upon by a visiting Judge to provide for a constitutional right to an unbiased truth finding function of Justice.

41. Grant Smithwick a Jury Trial on all issues triable by a Jury.

42. Grant Smithwick recovery of any costs.

43. Grant Smithwick any additional relief the Court deem just, proper, and equitable.

9.

Respectfully submitted by Roy L. Smithwick, Jr.

On this 21ST Day of February, 2017.

*[signature: Roy L. Smithwick]*

**DECLARTION**

I, Roy L. Smithwick, Jr., Declare under the Penalty of Perjury that every statement in the foregoing Complaint is true and correct based on the information available to me.

Roy L. Smithwick, Jr.

*[signature: Roy L. Smithwick]*

10.